## FRANK REININGER v. STATE.

No. A-7828.   Opinion Filed May 16, 1931.
(299 Pac. 236.)

Corn & Corn, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of

Dewey county on a charge of having the unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $50 and to serve 30 days in the county jail.

Several assignments are set out in the petition in error, only one of which it will be necessary to notice. In instruction No. 4, the court instructed the jury as follows:

"Fourth. The jury are instructed that if they find and believe from the evidence in this case, beyond a reasonable doubt, that the said defendant, on or about December 30, 1929, and prior to the filing of this information, had in his possession more than one quart of whisky, the possession of said amount in excess of one quart shall be prima facie evidence that the said defendant had said liquor with intent to violate the law therewith; but this presumption of the law that said defendant had such liquor with intent to violate the law, may be overcome by the defendant by showing that said liquor was not kept by him with unlawful intent."

This instruction clearly puts the burden of proof on the defendant to overcome the presumption. The law is that, if upon the whole case the jury entertains a reasonable doubt of the guilt of defendant, he should be acquitted. This instruction is prejudicial, requiring a reversal. Thornhill v. State, 47 Okla. Cr. 9, 287 Pac. 743.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.